UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEBORAH O'NEAL

VERSUS

MICHEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY

CIVIL ACTION

NO. 07-26-JJB-CN

# N O T I C E

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written recommendations within ten (10) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

Signed in chambers in Baton Rouge, Louisiana, January 17, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DEBORAH O'NEAL**

**VERSUS**

**MICHEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY**

**CIVIL ACTION**

**NO. 07-26-JJB-CN**

# MAGISTRATE'S REPORT AND RECOMMENDATION

This Social Security Supplemental Security Income case comes before the Court on the motion of Plaintiff, Deborah O'Neal, for attorney's fees under 28 U.S.C. § 2412(d), The Equal Access to Justice Act (EAJA). (Dkt. # 19.) The Commissioner has filed a Notice of No Opposition to this motion (Dkt. # 20).

## PROCEDURAL HISTORY

On January 12, 2007, Plaintiff filed a Complaint with this Court seeking judicial review of the Commissioner's decision to deny Supplement Security Income payments under the Social Security Act. On October 29, 2007, the Commissioner filed an "Unopposed Motion to Approve Consent Judgment" (Dkt. # 16), and on October 30, 2007, the Court approved and entered the Consent Judgment. In the Consent Judgment the November 26, 2006 decision of the ALJ finding that Plaintiff was no longer eligible for Supplemental Security Income (SSI) payments under Title XVI of the Social Security Act and for Medicare Qualified Government Employees benefits under Title XVIII of the Action was reversed and remanded to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g) for the purpose of conducting further administrative proceedings and issuing a new decision to include the following measures:

 (1) The Commissioner will consider Dr. Paul Kramm's August 23, 2005, letter that was apparently submitted to the Appeals Council but not included in the certified record on appeal;

 (2) The Commissioner shall re-evaluate Plaintiff's residual functional capacity by taking into account all of her impairments with an adequate discussion of the evidence supporting the functional assessment.

 (3) The Commissioner shall re-evaluate Plaintiff's ability to perform her past relevant work and, if necessary, proceed to the last step of the five-step sequential evaluation process by determining whether or not Plaintiff can perform other work existing in significant numbers in the national economy.

On December 20, 2007, Plaintiff filed her "Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 29 U.S.C. SEC 2412(d)" (Plaintiff's Motion, R. Doc. 19). The application seeks $2,500.00 in attorney's fees (20 hours at $125.00 per hour). The Commissioner has no opposition to this request.

**ANALYSIS**

Under 28 U.S.C. § 2412(b), a court may award reasonable fees and expenses of attorneys to the prevailing party in any civil action brought against the United States or any agency or official of the United States acting in his or her official capacity. A court may decline to award attorney's fees and expenses if it finds that the position of the United States was substantially justified or that special circumstances make an award unjust. *Herron v. Bowen,* 788 F.2d 1127, 1130 (5th Cir. 1986); 28 U.S.C. § 2412(d)(1)(A).

In a Social Security case, when the district court reverses the Commissioner's decision and remands the case in accordance with the fourth sentence of 42 U.S.C. § 405(g)[1], the plaintiff is

---

[1] The fourth sentence of 42 U.S.C. § 405(g) provides:
 The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

considered a "prevailing party" under the Equal Access to Justice Act. *Melkonyan v. Sullivan*, 501 U.S. 89, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991); *Shalala v. Schaefer*, 509 U.S. 292, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993).

Under 28 U.S.C. § 2412(d)(1)(B), a party seeking an award of fees and other expenses shall, within 30 days of final judgment in the action, submit to the court an application for fees and other expenses. "Final judgment" means a judgment that is final and non-appealable. 28 U.S.C. § 2412(d)(2)(G). Because Fed. R. App. P. 4(a) sets a deadline of 60 days for taking an appeal of a civil case in which a federal officer is a party, the deadline for filing an application for attorney's fees under the Equal Access to Justice Act is 90 days from the date the judgment is entered on the court's docket. *Shalala v. Schaefer, supra*; Fed. R. Civ. P. 79(a).

In the present case, the Court specifically issued a fourth-sentence remand judgment. The Court signed the judgment on October 29, 2007, and the Clerk of Court entered it on the Court's docket on next day. *Id.* Plaintiff filed the present application on December 20, 2007; therefore, the application is timely.

The Commissioner has not challenged Plaintiff's assertion that the Government's position was not substantially justified.

### **Hours Claimed and Hourly Rate**

Plaintiff's counsel has filed an affidavit with the Court setting forth his time expended in prosecuting this case.[2] The affidavit shows that counsel spent a total of 20 hours on this case. Under 28 U.S.C. § 2412(d)(1)(B) which states in part:

---

[2] See Attachment to Petition for Attorney's Fees (R.Doc. 19).

> ...[a] party seeking an award of fees and other expenses shall, ... submit to the Court an application for fees and other expenses which shows... the amount sought, including an itemized statement from any attorney ... representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

Plaintiff has provided the Court with this itemized statement and the Court finds that the time spent and the items delineated on the affidavit are reasonable. Further, Plaintiff's counsel requests an hourly rate of $125.00, which is the statutory rate established by 28 U.S.C. § 2412(d)(2)(A)(ii), therefore the Court finds that the requested hourly rate is justified.

## RECOMMENDATION

For the above reasons, it is recommended that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) be **GRANTED**, and Plaintiff should be awarded attorney fees totaling $2,500.00, which represents 20 hours at $125.00 per hour.

Signed in chambers in Baton Rouge, Louisiana, January 17, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**